UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KELLY BULFER,            )
                         )
        Plaintiff,       )   Case No: _____
                         )
    v.                   )   Civil Action
                         )
WAL-MART STORES, INC., d/b/a  )   JURY TRIAL DEMANDED
WAL-MART DISTRIBUTION    )
CENTER #6902,            )
                         )
        Defendant.       )

## COMPLAINT

Plaintiff, KELLY BULFER, by her attorneys, WARD, MURRAY, PACE & JOHNSON, P.C., for her complaint against WAL-MART STORES, INC. (Wal-Mart), herein states as follows:

### PARTIES & JURSIDICTION

1. Plaintiff is a resident of Ohio, Bureau County, Illinois.

2. Defendant Wal-Mart Stores, Inc. is a foreign corporation authorized to do business in the State of Illinois. Defendant operates a distribution center in Spring Valley, LaSalle County, Illinois.

3. Plaintiff brings this action against Defendant pursuant to the Americans with Disabilities Act and, as such, jurisdiction is proper.

4. Venue in this District is proper because Defendant's facility is located within this Judicial District and the acts complained of occurred within this Judicial District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC), Charge No. 440-2006-04228, dated on or about May 9, 2006, and received by the EEOC on or about May 19, 2006.

6. On or about May 17, 2007, Plaintiff's counsel received a notice of right to sue from the EEOC dated May 15, 2007. Attached hereto and incorporated as Exhibit 1 is a true and correct copy of the notice of right to sue.

## GENERAL STATEMENT OF FACT

7. Plaintiff was employed as an "order-filler" by Wal-Mart Stores, Inc. at its Wal-Mart Distribution Center in Spring Valley, Bureau County, Illinois. Plaintiff's employment began on August 13, 2001.

8. At all times during her employment with Wal-Mart, Plaintiff's performance evaluations met or exceeded expectations in all categories. Plaintiff was cross-trained in other job categories at the Spring Valley Distribution Center and repeatedly received commendations for her positive approach to employment.

9. Plaintiff was discharged from employment on or about October 14, 2005, for the ostensible reason that she was unable to return to work from an extended leave of absence. This stated reason was pretextual as Plaintiff had provided Wal-Mart with slips from her physician stating that she was able to work with a light duty restriction. Plaintiff made requests for reasonable accommodation.

10. On or about January 25, 2003, Plaintiff was granted a medical leave of absence for a period not to exceed 118 days. Plaintiff returned to work following this leave of absence.

11. During her employment at Wal-Mart, it was made known that Plaintiff suffered from fribromyalgia.

12. On or about August 2, 2004, Plaintiff sustained injury to her shoulder in a work-related accident. Her injuries arose out of and in the course of her employment. Plaintiff requested placement onto alternative duty.

13. On October 14, 2004, Plaintiff provided to Defendant a slip which completely restricted her from working. Her period of incapacity ran through January 23, 2005, at which time Plaintiff was released to return to work with restriction. The restriction continued through September 30, 2005. During that time, Plaintiff repeatedly provided appropriate medical slips to her supervisors.

14. During the period of time following the work-related injury, Plaintiff applied for three other positions. Plaintiff was qualified for the positions even with her restrictions. Plaintiff was offered a position in QA, but the offer was rescinded unless she could return to work with no restrictions.

15. Plaintiff is an individual with a disability. During the period of time following her work-related injury, she also developed a record of being disabled due to restrictions imposed by her physicians limiting her ability to perform certain tasks within a class of jobs. In addition to developing a record of disability, Wal-Mart regarded Plaintiff as being disabled.

16. Plaintiff has been discriminated against based on the following: she is an individual with a disability and/or who was regarded as having a disability since August 2, 2004 by her employer; and she was terminated on October 14, 2005 for purportedly failing to return to work upon expiration of a leave of absence.

17. The reason provided by Defendant for Plaintiff's termination was pretextual, as she had been released to return to work as early as January 23, 2005, albeit with medical restrictions. Notwithstanding Plaintiff's release to return to work, Defendant failed to engage in

any interactive process to determine an appropriate reasonable accommodation, or undertake any evaluation as to whether open positions existed which Plaintiff could perform. Upon information and belief, Plaintiff could have returned to work with such reasonable accommodation, as positions existed which she was qualified to perform, and she had been offered at least one position.

18. Defendant failed to timely provide Plaintiff with reasonable accommodation under the Americans with Disabilities Act, terminated Plaintiff without making reasonable accommodation for her disability, and retaliated against Plaintiff for making requests for accommodation.

19. Defendant Wal-Mart Stores, Inc. is an employer within the meaning of the ADA by virtue of the facts alleged herein and has sufficient employees to qualify as an employer.

20. As a direct proximate result of Defendant's acts or omissions as alleged herein, Plaintiff has suffered emotional distress, lost wages, lost benefits, lost earning capacity and such other damages as may be proven at trial.

WHEREFORE, Plaintiff KELLY BULFER, by her attorneys, WARD, MURRAY, PACE & JOHNSON, P.C., respectfully requests that this Court enter judgment against Defendant WAL-MART STORES, INC., and grant the following relief:

    A.    Back pay;
    B.    Front pay or reinstatement;
    C.    Compensatory damages;
    D.    Reasonable attorney fees and costs as may be awarded by applicable statute; and
    E.    For such other relief as this Court may deem just and fit.

        KELLY BULFER, Plaintiff

        WARD, MURRAY, PACE & JOHNSON, P.C.,
        Her Attorneys

        By _____
                Timothy B. Zollinger

Timothy B. Zollinger
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorneys for Plaintiff
202 East Fifth Street, P.O. Box 400
Sterling, IL 61081-0400
(815) 625-8200